IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HEATHER R. KNIGHT, | ) |
| Plaintiff; | ) ) ) |
| v. | ) Case No. CIV-2016- |
| G BIG INC., | ) ) **JURY TRIAL DEMANDED** |
| Defendant. | ) **ATTORNEY LIEN CLAIMED** ) |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Heather Knight an adult female, who during all times pertinent to this suit resided in Oklahoma.

2. The Defendant is G Big Inc., a business entity doing business in the retail food service industry in Oklahoma.

### JURISDICTION AND VENUE

3. This is a cause of action for gender discrimination including creation of a hostile working environment, and retaliation for complaining of such discrimination and harassment as prohibited by Title VII of the Civil Rights Act and Oklahoma Anti-Discrimination Act (OADA). Jurisdiction over the federal claims is vested pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331. The state law claim arises out of the same core of facts, and jurisdiction over such claim is provided by

–1–

28 U.S.C. § 1367.

4. The Defendants are located in Oklahoma City, which is located in Oklahoma County and the Western District of the United States District Courts for Oklahoma. Venue is appropriate in this Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b).

## CONDITIONS PRECEDENT

5. Plaintiff has exhausted all administrative remedies under state and federal law.

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Attorney General's Office of Civil Rights Enforcement on or about January 30, 2014.

7. The EEOC issued Plaintiff's right to sue letter for this charge on June 20, 2016 and it was received by Plaintiff shortly thereafter.

8. This lawsuit is filed within ninety (90) days of receipt of the right to sue letter.

9. Plaintiff's charges were also filed timely within the 180 day window provided by the Oklahoma Anti-Discrimination Act.

## STATEMENT OF FACTS

10. Defendants employed more than fifteen (15) employees during at least twenty (20) weeks of each of the current and proceeding calendar years, and is a covered employer under Title VII. There is no minimum employee requirement to be subject to the OADA.

11. On or about January 7, 2012, Plaintiff was hired by the Defendant for the position of

Personal Assistant.

12. Approximately three (3) months following her hire, Plaintiff was promoted to the position of Executive Coordinator.

13. Plaintiff was qualified for her job and performed her job duties as Clerk satisfactorily.

14. During Plaintiff's employment, Mr. Odom made gender based discriminatory comments, to Plaintiff, or in the presence of the Plaintiff, on a regular basis. Examples of such conduct include, but are not limited to, the following:

   A. making crude and sexual remarks about different women's bodies on a daily basis;

   B. commenting about how women wanted him to look at them and that they liked the attention;

   C. commenting about how he liked women in their early thirties because they were in their "sexual prime" and advising Plaintiff she would understand what he was talking about in a couple more years;

   D. asking Plaintiff to walk in front of him and then comment about how he liked to "watch [her] from behind";

   E. asking Plaintiff personal questions about love life and suggesting that she get a "boy toy"

   F. informing Plaintiff that she needed to flirt with males in order to get what she needed

15. During Plaintiff's employment, Mr. Odom approached Plaintiff and other female employees from behind and massage their shoulders without consent. Plaintiff would either move away or ask that he cease such behavior.

16. During Plaintiff's employment, Mr. Odom displayed pornographic pictures of women on his computer and would create excuses for Plaintiff and other female employees to look at them.

17. The conduct above was subjectively and objectively offensive and created a hostile and abusive work environment in which the Plaintiff dreaded going to work and interacting with her supervisor.

18. Plaintiff had to continuously ignore Mr. Odom's offensive remarks and conduct in order to do and keep her job.

19. Defendant did not have a reporting procedure for employees to make complaints of harassment nor did it have human resources personnel to whom Plaintiff could have made complaints of workplace discrimination and harassment.

20. On or about December 27, 2013, Plaintiff was required to travel out of state with Mr. Odom on a business trip in Texas.

21. During the course of this business trip, Plaintiff was sexually assaulted by Mr. Odom.

22. Plaintiff objected to Mr. Odom's physical grasping and groping of Plaintiff's body parts as well as his physical removal of her clothing.

23. Immediately following this event, Plaintiff notified Ms. Odom of her need to take time off work due to the events that had transpired with Mr. Odom.

24. On or about January 10, 2016, Ms. Odom placed Plaintiff on Administrative Leave.

25. On or about January 23, 2014, Plaintiff was terminated from her employment by Ms. Odom.

26. The claimed reason for the termination was that Plaintiff had gone up to the office while she was on administrative leave.

27. The reason given for Plaintiff's termination is pretextual for several reasons, including the fact that Plaintiff was never notified of the inability to be on work premises during leave, went to the office during regular business hours, and had only done so in order to collect some of her personal belongings.

28. The real reason for Plaintiff's termination was retaliation for objecting to the sexually hostile work environment created by Mr. Odom.

29. As the direct result of Defendants' conduct, the Plaintiff has suffered damages in form of wage loss, past, present and future, and dignitary harms including worry, anxiety, and other similar unpleasant emotions.

30. Gender discrimination, including creating a hostile working environment, and retaliation (including termination) after Plaintiff complained of such discrimination, violates Title VII and the OADA.

31. Because the Defendants' action was willful, malicious or, at the least, in reckless disregard of Plaintiff's right to collect her wages, Plaintiff is entitled to an award of

punitive damages under Title VII. Plaintiff is entitled to liquidated damages under the OADA.

## PRAYER FOR RELIEF

**WHEREFORE**, it is respectfully prayed that this Court grants to the Plaintiff the following relief:

a. Back pay, in amounts to be determined at trial;

b. Liquidated and punitive damages;

c. Compensatory and consequential damages;

d. Injunctive and/or declaratory relief;

e. Pre-judgment and post-judgment interest at the highest lawful rate;

f. Attorneys' fees and costs of this action, including expert witness fees, as appropriate;

g. That Defendant be enjoined and restrained from engaging in further discriminatory conduct; and

h. Any such further relief as justice allows.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury of all issues triable by jury under Oklahoma and Federal law.

**RESPECTFULLY SUBMITTED THIS 15TH DAY OF SEPTEMBER, 2016.**

/s/Christine C. Vizcaino
Christine C. Vizcaino, OBA #30527
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd. Suite H
Oklahoma City, OK 73134
Telephone: 405-414-2222/ 405-607-4358 (Fax)
Christine@mazaherilaw.com
*Attorney for Plaintiff*

*Attorney's Lien Claimed*